5-24-0575 and 0787, consolidated matter of the estate of Howard Harris. David DeRee for the appellant, Kelnesha Nelson. May it please the court. It's a consolidated appeal from an order of the probate court under Rule 304A, dismissing an amended will contest, a petition claiming that the will was forged. And a related issue is whether the probate court should have granted a motion for substitution of judge. And the second issue was a separate lawsuit filed for tortious interference with an inheritance expectancy. And the appeal from that order is the order itself ruled that the lawsuit was an impermissible collateral attack on the decision of the probate court dismissing the will contest that was filed there. And our position here is that if the probate judge should have granted the motion for substitution of judge before ruling on the motion to dismiss the will contest, that any ruling made by her thereafter would be void and nullity. And of course, in the tortious interference lawsuit, there could be no impermissible collateral attack on her decision dismissing the will contest because that would have been a void order. So the initial issue is under 735 ILCS 5-2-1001A2, which provides for a substitution of judge as a matter of right before the judge has ruled on any substantial matter. The initial issue is whether or not the probate judge should have granted that motion for substitution of judge. And if this Court agrees, then any orders entered by her thereafter would be void. And of course, in the tortious interference lawsuit, there couldn't be an interference with her subsequent order because it would be a void order. The statute is based on the issue really before the court is whether the probate court had made any ruling on any substantial issue before denying the motion for substitution of judge. That's what the statute provides and what the 2021 Illinois Supreme Court case in Pellos v. Community Hospital also provides. In this case, the previous rulings were on October 11, 2022, when Shanika Mitchell filed a will for probate. Judge Purchase entered an order of airship and an order admitting the will to probate. As it turned out, the case was not assigned to Judge Purchase. It was assigned to Judge Kennedy, who roughly three or four months later withdrew and was replaced by Judge Purchase. But at the time she made that order, she was not the judge of record, so there could hardly have been a motion for substitution of judge. Plus, it's not a substantial ruling. It wasn't a contested ruling. It was just an automatic ruling that somebody filed a will and she enters an order of airship. Well, in addition to that, Counsel, doesn't the statute specifically mention that if, in fact, a ruling is made prior to a party's appearance, it's not counted against that party? Is that correct? Yes, Your Honor. All right. I'm more interested in the rulings that came after that, if you would address those. Specifically, I believe there was an order striking pleadings and then vacating that. Yes. And then there were some subsequent orders as well. Yes, Your Honor. And I will. The order striking the pleadings was entered on April 25, 2023. Taliesha Nelson was pro se at that point in time. And the order was entered because she didn't appear at a hearing. So it was a pro se proceeding. And she later filed something pro se stating, I didn't get notice that there was a hearing. And as it turned out, and APLE has conceded in their brief in this case, nothing was stricken. Whatever was being stricken by the order of the court saying her pleadings are stricken wasn't identified. And nothing was stricken because the only thing that she filed attempting pro se to challenge the will was continued several times thereafter by Judge Purchase. Also, wasn't the order based on an oral motion by the appellee's counsel to strike her pleadings? Is that correct? Right. In a hearing that Taliesha Nelson didn't know about. Was there any written motion on file regarding striking the pleadings? Not that I'm aware of, Your Honor. Okay. I wasn't involved at that time, but I'm not aware of anything in record yet. But before April 25, there was a motion filed. And I can't recall exactly what it was by the appellee. And scheduling a hearing for April 25. And the, but it wasn't served on the pro se party, Taliesha Nelson. And she later filed something when she found out about the April 25 order saying, I didn't even know about the hearing. And as I previously said, and as the appellee has conceded, whatever pleading she did file was continued for a hearing three different times after that. Which the appellee acknowledges in essence overrides any order striking her pleadings. So we would submit that that was not a ruling on a substantive matter. Especially since it didn't strike anything. Her pro se pleading was still pending. Then there were orders of April 25, the same date, August 29, 2023 and October 30, 2023. Continuing the hearing on Taliesha Nelson's pro se attempt to challenge the will. And on February 2, 2024, there was a hearing. By that time I had entered my appearance. And the court entered an order accepting Shamika Mitchell's admission that Taliesha was an heir. But restating Shamika Mitchell's position that she was denying that Taliesha was a beneficiary under the will. Well, that wasn't, there was nothing contested there. It was just an admission by Shamika Mitchell that she wasn't challenging the fact that Taliesha Nelson was an heir. So getting to the statute itself, we've cited cases, Gohari v. McDonald's and the Supreme Court in Palos v. Community Hospital, which provide that the statute is to be liberally construed when determining whether the court had previously made a ruling on any substantial matter. And the Gohari case points out that the following items are not substantial matters. Discovery issues. A notice to admit facts. A pretrial conference where no decisions were made. Orders granting notions to amend pleadings. Scheduling orders. Rulings on uncontested matters, which would certainly apply to the February 2 quarter. Those are not substantial matters. So I would submit to the court it's pretty clear that the probate court should have granted the motion for substitution. Judge, the appellee has made an argument in his brief that the ruling of the probate court denying the motion for substitution should be affirmed under the test the waters doctrine, which means that if a party kind of gets a feel from proceedings that they're not too happy with what they anticipate the judge might rule, then if they file a motion for substitution of judge, it's not allowed because they were just testing the waters. But that doctrine was specifically rejected by the Illinois Supreme Court in 2021 in the Palos v. Community Hospital case. That was the only issue in the case. And it said that they rejected that doctrine because it's contrary to the language of section 5 slash 2 dash 101 A2. So that doctrine is no longer applicable. I would submit to the court that this is a clear case where the order of the judge denying the motion for substitution should be reversed and any orders that she entered after that would be void. That, as a nullity, that's specifically provided in Palos v. Community Hospital that any subsequent orders are void, which also means that the decision in the tortious interference case dismissing that case on the grounds that it was an impermissible collateral attack on the decision of the probate court dismissing the will, the amended will contest should be reversed as well because the order in question in the probate court that the trial court found would be, was being impermissibly collaterally attacked is itself void and a nullity. And so both cases should be reversed. We also pointed out that if we get past the failure to substitute judge issue in the probate court, that the probate court in granting a dismissal of the amended will contest under section 619 because that motion was not verified, which is required by section 619 motion, which concedes the allegations of the will contest, but says for other reasons the complaint or the will contest should be dismissed. But it wasn't verified in this case. So under the rule. But, counsel, the case law or the statute or both, that does not create fatality. It doesn't make it fatal. Is that correct? Yes, Your Honor. Okay. And then we also argue, if we get to this point past the substitution of judge issue, that the probate court, erred by rejecting Kelnisha's claim that her verified second amended petition relates back to her pro se attempts to challenge the will and cite Ferguson v. Zeller, 4th District, 1989, which was a will contest which allowed the relation back doctrine and said if there's similarity between the original and subsequent claims and the purpose of the relation back doctrine is to ensure fairness rather than unduly enhance the technical considerations of pleading. And in this case, the argument advanced by Kelnisha and supported by a handwriting expert is that the will of Tommy Harris, his signature was forged twice by one of the witnesses to the will, which happened to be his brother and the uncle of Shamika Mitchell. So if we get to that point and get to the merits, we would also submit that that's grounds for reversing the probate order, which in turn would be grounds for reversing the torsus interference dismissal. I've exhausted my issues. Any further questions, Judge O'Shaughnessy? No, sir. Just this one. No. Thank you, counsel. You've been given the floor.  Appellee, you may proceed. Please identify yourself for the record when you're ready. May it please the court, your honors, apology counsel. I'm Francine Johnson. I'm here for the appellees, Michael Harris, Monica Harris, and Shamika Mitchell. Tommy Harris passed away in May of 22. He had a will that named Shamika, his niece, as his sole heir. He also had two siblings, Michael and Monica Harris. Monica is Shamika's mother. He had a daughter, Kalisha Nelson, the appellant, that he acknowledged via a court order, but he never really had a relationship with. So after he passed away, the sequence of events that occurred in the probate court were, yes, on October 11th of 22, Judge Purchase admitted the will to probate. And the only reason for that, being signed by Judge Purchase and not Judge Kennedy, is because our associate in our firm has a financial relationship with Judge Kennedy, and he cannot sign our pleadings. So that is why we take our pleadings to another judge. There was no judge-seeking or anything about that, that we wanted to get a different judge on the case. It's just that she was the other person when Judge Kennedy had a conflict, it went to Purchase. Is this Madison County? It is St. Clair County. St. Clair. Okay. Does St. Clair have a regular probate-assigned judge? Probate-assigned judge is Judge Kennedy. We cannot have a sign on pleadings. And that's the presiding appellation? Yes, Your Honor. So that happened October of 22. In November of 22, Ms. Nelson files identical pleadings as Shemeika Mitchell, asking that the will that we provided, that we admitted to probate, be admitted to probate. She also said it's a valid will, and she named Shemeika Mitchell as the executor of that will. That is what Ms. Nelson filed, the appellant filed in November of 22. And that becomes important later on. But so looking at the dates for probate, 755 LCS 5-6-21, any person entitled to notice may file the required proof of will within 42 days. That was December of 22. Nothing had been filed other than her filing the identical pleadings that my client filed. Was she listed as an heir? She was not listed as an heir because Mr. Tommy Harris had told his siblings that he had no children. When she came into court, and I would submit that would have been October later on in 23, when she came into court, she did say she was his daughter. We did not believe that until we actually saw the court order she prepared. She had a court order showing that she was his daughter, and he admitted it in open court. All right. So she wouldn't have received notices that I'm getting at prior to. She did not. But then she did file in November. So she knew that that probate proceeding had been. Right. But that would have been subsequent to the orders being signed by Judge Purchase, correct? The order admitting the will to probate, the order of the heirship, which are summarily signed by judges, correct? Correct. Correct. They usually walk through with a probate judge. And so, yes, and I totally understand that she had not entered her appearance in the matter until November. So all of the heirships, he admitted. But not substantive as to her, per se. Correct. Okay. Correct. Although I think admitting a will predate is substantive. It's just not substantive to Miss Nelson. Under the statute. Yes. All right. I totally believe that is accurate. However, she filed. She filed pleadings. I don't know. I don't understand how she didn't get received notice. She received notice from Judge Kennedy, who recused himself in January. But she did receive notice on the April 25th date, which she failed to appear. However, there was an oral motion made to write on. It wasn't a written motion. But it was an oral motion made to strike her pleadings as repetitive. And if you actually look at the order signed by Judge Purchase on that day, that's what it says. These pleadings are repetitive. And again, that becomes more important later on. Was it that order vacated? It was vacated. Was it vacated by agreement? No. No, it was vacated after Miss Nelson filed a pleading saying, I didn't receive notice. Can I please have my my pleadings heard? So that was vacated on the judge's own motion? The judge ruled on that. Yes. And so then the judge set her motions for pleading, even though they were still identical to the same pleadings that we had filed back in October. So then May 10th of 23 comms. This is six months after the will is admitted to probate. Nothing is filed. April 25th, she strikes the pleadings, which I would, to me, striking a pleading is very substantive. I think that's a very substantive motion. I mean, I don't think a judge does those. Do you have case law that supports that position? I don't have case law with me, Your Honor. I do think it's substantive if it's strict. Well, I think the fact that she struck it and then she filed a motion to vacate that order, essentially, it was a pro se motion. So it didn't say, I'm asking you to vacate that order. But the way it was worded, Your Honor, it was a motion to vacate her prior ruling. And she vacated it. She set it for hearing on her motions. So to me, I don't think that those are not, that it's procedural. If a judge sets aside an original ruling and then it becomes a nullity, that you're saying that's still a substantial ruling? Well, I think if you take each order on its own, they're substantial. I think if you take the striking the pleadings as repetitive, I think that's substantial. And I think if you take that as a motion to vacate and then she does vacate it, I think those are substantial, Your Honor. They're not procedural. They're not motions to continue. However, one of the things she did is she took a stipulation in open court by the parties, which I wouldn't normally think that is substantial. But I was here a couple months ago on another case where the appellant actually argued that they didn't mean what they said when they stipulated that with the judge. And the judge said, no, he did mean that. And so I feel like sometimes even accepting a stipulation by the parties, when they're going to come back and argue it in the appellate court, it may be substantial. So she did take that stipulation. And as far as Simpson versus, I think it's Knobloch, this court actually quoted it on a first district case. And it says, even if there's no substantial rulings, a court may still deny a motion for substitution of judge if the movement had the ability to test the waters and form an opinion as to the court's reaction to their claim. So I counseled the panel's decision essentially overruled that, right? We no longer have the test the waters doctrine. Would you agree with that? I would agree with that. But I would think that the judge's rulings to striking motions, the judge's rulings accepting the stipulation of the parties, and then granting a motion to vacate, which even though it wasn't worded a motion to vacate, it was essentially a motion to vacate pro se. I think those are substantial rulings. And I guess even if the court says, okay, Judge Purchase, you should have given her the, you should have allowed her the substitution. Even if that is correct, for sake of argument, there is no judge in St. Clair County that has jurisdiction to hear this will contest. So it could go to any judge in St. Clair County, and they're all going to come up with the same ruling on the motion to dismiss. The problem was she waited until December of 23 to file a second amended petition contesting the will. A year later, the appellant argues that she told the judge on all three court dates, I think there was one in January of 23, he says, there was one later, October and August of 23, that she argued that that will was forged. Well, I was present that day, judges. That was never brought up. She said she was an heir. We looked it up. We found out she was. We stipulated to it. But there was no argument that the will was forged. So she comes in, and then I think they argued that she was there on January 23, when Kennedy recused himself. There was no court setting that day. She was not present that day. She was not present on April 25, and the six months ran on May 10 of 23. So when she came in and filed her second amended petition contesting the will, she was out of time. She was one year past. Well, actually, she was more than one year past the date it was admitted. Unless she could show that her amended petition related back to the original. Correct. And that is what the appellant argues, that it relates back. But if you remember, in April of 25 or 23, Judge Purchase said these were repetitive and struck them. I mean, that's in the order. So if they're repetitive to the same thing that my client filed, how can that relate back to a will contest? I mean, it doesn't make any sense. As far as her saying, sorry, in open court that, oh, this will was forged. I would submit, even if that's true, which I assure everyone it is not, but even if that's true, had she done that, she appeared in court on August 29 or 23, and she appeared in court on October 30 of 23. That was still six months after the will was admitted to probate. So Judge Purchase absolutely had no jurisdiction to hear the will contest. And after Judge Purchase ruled that she had no jurisdiction to hear the will contest, I think it was Judge Horner, in the tort action, he said, I guess he, I think he quoted Robinson v. First State Bank, the Illinois Supreme Court. The purpose of the probate statute is to limit time within a validity of a will may be questioned. If we allow a tort action, we give them a second bite at the apple. The court held that the time limitation in Section 90 of the Probate Act was jurisdictional and was not told by fraudulent concealment or by any other fact not expressly provided for by the statute. Therefore, since the student's will in the incident case was not contested in a direct proceeding within the six-month statutorily prescribed time period, the validity of the student's will has been established for all purposes. The appellant relied on Morris v. Pappas saying that they were still allowed to file a tortious claim even though they were out of the times of the will contest. But that case was differentiated between this case because the probate proceedings in Morris v. Pappas were not available. To the plaintiff, like they were to Ms. Nelson. And also, the damages in the case were not identical in the probate case and also in the tortious interference case. But the damages here are the same. If she was an heir, and I would submit to the court that the estate was only open, the probate estate was only open because there was a pending lawsuit on behalf of Mr. Tommy Harris that said that he was, I believe it was a medical malpractice or a wrongful death suit. That case has since been dismissed. Mr. Harris owned no real property. He had a bank account which had his sister's name on it, and he had a truck which had his niece's name on it. So essentially, this estate is not- When you say dismissed, was it settled? It was dismissed by the court, meaning they received nothing. And that was the sole purpose of us opening up this probate estate. So I don't know what the damages would be. There's nothing here. There's nothing to be had. But yet, here we are. I don't believe that the court- I do believe Judge Parchas ruled on substantial. I think those are substantial rulings. I think admitting something- Had I not been arguing about a stipulation here a few months back, I wouldn't even say that's a substantial ruling, accepting a stipulation. But people argue over it in the appellate court. So I think it is substantial. I think that striking pleadings is absolutely substantial, and I think vacating orders is substantial. I think that Judge Parchas did the right thing by not granting the substitution. As far as the other orders of Judge Horner, I do believe this was a collateral attack. On the probate action, the probate action was dismissed. I think they opened up the tort claim so they could go in another way. They were outside. I don't think Judge Horner had jurisdiction, and I don't think Judge Parchas has jurisdiction. And if the motion for substitution is remanded back to St. Clair County, I don't- The motion to dismiss is still there. I don't know that any judge has jurisdiction. That's all I have, Your Honors. Any questions for her? No questions. No questions. All right, thank you, Counsel. Thank you. The verified petition, both in the probate court and the verified complaint in the tortious is forged. Not only was it forged, but it was forged by one of the witnesses, his brother, Michael Harris. And the response to that verified amended will contest in the probate court was not verified. And in the circuit court, in the tortious interference case, there was a verified complaint making the same allegations. And in both petitions and complaints that were verified, the report of the handwriting expert was attached, and it was alleged in the tortious interference case that the will was forged. And while there was a verified motion to dismiss the tortious interference case under Rule 619, it was based on the argument that this is a collateral attack on the ruling of the probate court, and it's barred by the six-month statute, even for will contest, even though there's a five-year statute for tortious interference generally. But while the verified motion to dismiss the tortious interference case was, in fact, verified, that verification did not address the issue that the will was forged. And it's not before the court, but there is some property, including a new truck. And I don't want to get in. If it goes back, we believe there will be property in the estate. I don't want to go beyond that. So I would just... But if the court doesn't have jurisdiction to hear the... If the motion to dismiss is valid, the tortious interference case goes away as a collateral attack. You agree? I'm sorry, if the court... If the court determines and grants a motion to dismiss the probate court based on the fact that they don't have jurisdiction to hear the will contest, then the tortious interference case goes away as well, right? As a collateral attack. We're not conceding that, Your Honor. I understand there's an argument for that position, but we're not conceding it, certainly. That would not be our position, but... And the bottom line there, the will was forged. So we would ask the court to reverse the orders in both cases. Is there any further questions? No questions. Thank you, counsel, for your arguments. We will take this matter under advisement and issue a ruling in due course. Thank you.